33 F.3d 62
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Georgia Mae ROBERTS, Plaintiff-Appellant,
v.
TOWN OF CANTON, a municipal corporation; Carl Jay Lane,
Chief of Police of the Town of Canton, Defendants-Appellees.
 No. 94-6083.
 United States Court of Appeals, Tenth Circuit.
 Aug. 17, 1994.
 
 Before LOGAN, McWILLIAMS and BARRETT, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 BARRETT
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); Tenth Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Georgia Mae Roberts (Roberts) appeals from the district court's order granting summary judgment on behalf of the defendants on Roberts' 42 U.S.C.1983 civil rights claim and in electing not to exercise jurisdiction over Roberts' claim filed pursuant to the Oklahoma Governmental Tort Claims Act.
 
 
 3
 On April 10, 1992, Roberts was cited for speeding in the Town of Canton. She paid a fine and later mailed court costs of $22.00. The municipal clerk of the Town of Canton thereafter notified Roberts that the payment for the court costs had not been received, and advised Roberts that she would be found in contempt of court and that her driver's license would be revoked if she did not pay the costs. As a result, Roberts personally delivered the $22.00 to the municipal clerk. Roberts alleged in her complaint that the Town of Canton did not receive her first payment because Carl Lane, Chief of Police of the Town of Canton, misappropriated those funds.
 
 
 4
 In her complaint, Roberts identified her federal constitutional claim as one for deprivation of her property without due process of law, and she also asserted a tort claim pursuant to the Oklahoma Governmental Tort Claims Act, 51 Okla. Stat. 151, et seq. Roberts sued Chief of Police Lane solely in his official capacity.
 
 
 5
 In a well-reasoned Memorandum Opinion and Order, the district court ruled that Roberts' civil rights claim failed as a matter of law against both the Town of Canton and Chief of Police Lane:
 
 
 6
 ... because adequate post-deprivation remedies are available through the Oklahoma Governmental Tort Claim Act. 51 Okla. 151, et seq. Plaintiff failed to respond to this issue and that proposition is unopposed. Hudson v. Palmer, 468 U.S. 517 (1984), involved an alleged "taking" of personal property making its holding especially applicable here. If there are "adequate state post-deprivation remedies," there is no constitutional violation even if the "taking" is "intentional deprivation." Id. at 533.
 
 
 7
 Id. at 4.
 
 
 8
 On appeal, Roberts contends that (1) the district court erred in granting summary judgment to the defendants on her 1983 claim because a single incident can constitute a violation of 1983, Chief of Police Lane had policymaking authority, and the pattern of misconduct may be considered policy attributable to the town, (2) the Oklahoma Governmental Tort Claims Act is not an adequate deprivation remedy because Roberts is an Indian person and it is unlikely that she could receive a fair trial in the District Court of Blaine County, Oklahoma, and (3) the district court erred in not exercising jurisdiction over Roberts' claim under the Oklahoma Governmental Tort Claims Act.
 
 
 9
 We affirm for substantially the reasons set forth in the district court's Memorandum Opinion and Order entered January 28, 1994.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470